■ PATRICIA A. DORMAN, Respondent, v. JEFF DORMAN, Appellant.— Order unanimously reversed, without costs, and matter remitted to Monroe County Family Court for further proceedings in accordance with the following memorandum: The appellant seeks reversal of an order of Family Court directing payments for the support of respondent on the ground that there is no testimony in the record showing the needs and means of the parties and that he is the father of all three children. The respondent agrees that the order should be reversed and that the matter should be remitted for a hearing at which such proof may be presented. (Appeal from order of Monroe County Family Court in support proceeding.) Present — Moule, J. P., Cardamone, Goldman, Del Vecchio and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL LEE HUDSON, Appellant.— Appeal unanimously dismissed as moot, defendant having been unconditionally released from custody. (Appeal from judgment of Erie Supreme Court convicting defendant of petit larceny.) Present — Marsh, P. J., Moule, Simons, Mahoney and Goldman, JJ.

■ SHAWN BROOME, an Infant, by LOIS BROOME, His Parent and Legal Guardian et al., Plaintiffs, v. CECIL HORTON et al., Defendants. CECIL HORTON et al,. Third-Party Plaintiffs-Respondents, v. LYTLE LINDSTROM et al., Third-Party Defendants-Appellants.— Order unanimously reversed, with costs and motion granted without prejudice to third-party plaintiffs serving an amended complaint within 20 days from the date of the order herein. Memorandum: The plaintiffs, an infant and her mother, sued the defendants, alleging that defendants were owners of a dog which they knew to be of a fierce and vicious nature, that defendants wrongfully and negligently permitted it to run unmuzzled at large and that it bit and injured the infant plaintiff. The defendants, in a third-party action, then sued the third-party defendants, alleging failure to warn the infant plaintiff of the alleged vicious nature of the dog and various acts of negligence on their part in failing to keep the child and the dog away from one another. Nothing was alleged in the third-party complaint showing the relationship between the child and the third-party defendants (it was agreed by attorneys on argument that they are grandparents of the child) and there was no allegation that the child was under their care and control and that they were responsible for the child's welfare. The third-party complaint, without such allegations, failed to state a cause of action (CPLR 3211, subd. [a], par. 7; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.44; Prosser, Law of Torts [4th ed.], §§ 30, 53; see, also, *Carrillo* v. *Kreckel*, 43 A D 2d 499). (Appeal from order of Ontario Special Term in negligence action.) Present — Marsh, P. J., Moule, Simons, Mahoney and Goldman, JJ.